The next case today is Omni Hotels Management Corporation v. Ultimate Parking, LLC. Appeal number 21-1745. Attorney Mackey, please introduce yourself for the record and proceed with your argument. Good morning, your honors, and may it please the court. My name is Jason Mackey and I represent the appellate in this matter, Omni Hotels Management Corporation. Can I reserve one minute for rebuttal, please? You may. Thank you. This appeal... Counselor, before you start, let me just ask you, why isn't this appeal or this matter moot? The monies have been paid, so that's just a threshold question I have. Well, which part of the appeal? The mootness with respect to what Ultimate is arguing is that Omni's motion for summary judgment, the appeal with respect to the underlying claim is moot because the money has already been paid and there's nothing left to dispute. However, we would argue, and the case law would support this, that the contractual indemnification claim and the equitable indemnification claim were derivative actions of the underlying negligence claim alleged by the plaintiff, and so because a disposition of Omni's negligence needs to be determined in order to determine whether or not the contractual indemnification claim actually applies, as well as Ultimate's negligence for the equitable indemnification claim, that the issue of Omni's motion for summary judgment is not, in fact, moot on the underlying claim because that resolves whether or not Omni was, in fact, negligent with respect to that. So the district court erred when it ruled that there was issues of material fact with respect to Omni's negligence on Omni's motion for summary judgment on the underlying claim, so that is not moot because disposition of that would render Ultimate Parking's contractual indemnification solidified. If the court were to reverse the district court's opinion that Omni, that there was issues of material fact with respect to the underlying claim with respect to Omni's negligence, then Omni would be found not negligent as a matter of law, and then the contractual indemnification would apply. Counselor, if we read this indemnification clause as your opponent says we should read it, such that what matters is a claim of negligence, not a finding of negligence, you know, if we read it that way, then it seems to me Judge Helpe is quite right. I mean, the disposition of that motion for summary judgment becomes very much beside the point then. Isn't that true? No, the issue of summary judgment on the underlying claim that if the judge is correct that the alleged negligence was sufficient to undermine the contractual indemnification claim, then there would still be the issue of the equitable indemnification claim that would be at issue, which also requires the determination of the party's relative negligence. So, there would still be left the matter of Ultimate's negligence and whether Omni's negligence was in fact passive or active. Well, let me ask you that. Since we have a contract that addresses the indemnification issue, why does the common law doctrine of equitable indemnification, why doesn't that even come into play? That strikes me as a doctrine that's available when you do not have parties who have contractually addressed the issue of indemnification. We have that here. The parties did address it. I don't know why. I understand that's not the way in which the district court ruled. We confirm on any basis that the law requires. It seems to me that there is good authority for the proposition that when the parties specifically address the indemnification issue, you don't even get into the equitable version of indemnification. Why isn't that true? Here's why that is not true, Judge, because if Omni is found at trial to be negligent, the contractual indemnification provision would not apply. In other words, Ultimate would be absolved of its duty to defend and indemnify Omni as a result of the exception to the indemnification provision. However, Omni would still be entitled to equitable indemnification if the jury found that its equitable indemnification claim still allows us an avenue. Why would that last piece of it still be in play, notwithstanding that we have an actual indemnification agreement? Right. Imagine a situation in which the case goes to trial and Omni is found to be passively negligent. The exception to Ultimate's duty to indemnify and defend Omni would apply, and Ultimate would not have that duty under the contract, but they would still have that duty pursuant to the equitable indemnification claim because passive negligence still allows you to get indemnification under the principles of equity. Is the idea that the existence of the actual contractual indemnification claim a case that says that? There's several cases where both equitable indemnification claims and contractual indemnification claims are raised together. I'm not aware of the mere fact that a contractual indemnification claim has been raised that it means you cannot raise as an alternative theory an equitable indemnification claim. In fact, you can plead in the alternative as much as you want under the federal rules of civil procedure. So I'm not aware of a case that really says that if the presence of a contractual indemnification claim means that you can't have an equitable indemnification claim. We raise it in almost every single case just in case. If the district court's wrong about the claim of negligence being enough, there's no way for us to avoid dealing with the negligence issue. Yeah, there's no way to avoid dealing with the negligence issue. Can you just address that first? Omni's negligence? No, I'm sorry. The question of whether the district court aired in its reading of the arising under language. It was arising from or a camera with the rising language. Yeah, it's really quite a unique and interesting distinction that the district court made because by its very terms, the indemnity provision does not exclude from ultimate duty of indemnification claims that merely could arise from Omni's alleged negligence but claims that actually do arise there from. In other words, ultimate is only relieved from indemnifying Omni if evidence at trial establishes that the plaintiff's claims against Omni did in fact arise from Omni's negligence and that those acts or omissions were approximately caused by plaintiff's injuries. The district court short-circuited Omni's right to indemnification by agreeing with ultimate's argument that Mr. Caruso's mere allegation of Omni's negligence was sufficient to free ultimate from its contractual duty. But if you look at the indemnification provision, it doesn't say alleged negligence. It says negligence. And what the Supreme Court of Rhode Island says is negligence is something that has to be determined by a jury. Mr. Mackey, does it say claim of negligence or just negligence? It says negligence. Not a claim of negligence, not alleged negligence. And that's exactly what the district court wants to do and ultimate wants to do is blue pencil into the agreement, the word alleged negligence where it doesn't apply. Now, one thing that is said textually, if I'm following the district court's reasoning and the reasoning of your opponent is that typically these clauses, I don't know if this is true, typically they would use the word cause not arising. There's a number of cases where they do use cause by, but there's also a number of cases and we cite to the authority in our brief where they use arise from. But they're making the distinction between arise from and cause by is completely arbitrary. It's a red herring. Whether it arises from negligence or is caused by negligence, negligence is something that is determined by the jury. It doesn't matter if it arises from negligence or is caused by negligence or is the result of negligence. If we were to agree with you on that point, then we still have to get to the question of whether there was negligence at all. And that's besides many issues about equitable indemnification being available or not. On that, I take it you think that if I, to short description of I guess the case law is there's a speed bump case that seems to be the same as this case indistinguishable on that basis. Directly on point. And it was very curious that the district court, the moment the briefing was concluded, the district court issued an order saying there's issues of material fact here, didn't explain its reasoning. And it was a very curious opinion given that we did not dispute anything that the plaintiff said. It was a complete issue of law from the very start. That speed bump case had been provided to the district court. Yeah, we cited it ad nauseum. And now is the, I guess one, is there a distinction between a speed bump and a curb? I mean, what's the... I don't know what the distinction is. The reasoning of the court... Four minutes remaining, four minutes. In the Yonku case, which is the speed bump case, is absolutely applicable to that of a curb. But by the way, we also cited a curb case out of Rhode Island, but it was from a superior court decision, I believe. And in that case, it was a parking curb. We also cited cases from around the country that analyzed curbs themselves, separating vehicular traffic from pedestrian traffic. And they all say a curb is not an inherently dangerous condition. You have to demonstrate that there was something about this curb that made it dangerous. There has to be something... Why isn't the distinction that makes it dangerous is the fact that you can't tell it's a curb? That's not what they... Doesn't that affect what they're saying, which is that the way it's designed, you can't easily distinguish because it's not painted that there is a curb there. Is that wrong? That's a little different than what they're saying. They're saying it was difficult to see because it was unpainted. And the Supreme Court of Rhode Island addressed that in the Yonkoo case, and many courts have addressed that. Merely an unpainted curb is a matter of normal occurrence, and there's nothing that is inherently dangerous about an unpainted curb. What that would impose is a duty to paint all curbs. I guess the thing that's a little... I mean, you could imagine and hear, I guess, from the photos in the brief, if you have a distinctive tiling or brick for the driveway, and it's seamless with the curb. One thing, if there was a concrete curb and that curb was unpainted, that's one type of case. Or even with respect to speed bumps, if they're not painted bright yellow, but you could see that it's a bump. I guess the contention here, unless you're saying this just wasn't made, is that the seamlessness of the tiling or bricking of the driveway being continuous with the same materials used for the curb, make it so you simply don't see the curb. And that is an unusual situation that makes it dangerous. But what's wrong with that? Here's what the evidence was. The evidence was... Well, an unpainted curb that is the same color as the roadway. So that's what the cases say. And those are cases throughout the country. And then we cite those in our brief. But what the evidence for purposes of summary judgment was, was the plaintiff actually knew it was a curb. The plaintiff knew. He admits that he went over that curb at least eight times prior to the incident. And so he had as much knowledge about the presence of the curb as Omni did. He was there at the hotel for two days prior to the incident. His wife and he alleged that there's one entrance to the lobby. And he testified at his deposition that he went in and out of that entrance several times. And we counted at least eight that were mentioned between the deposition of him and his wife, where they went in and out of the entrance of the Omni. I don't fully understand why that matter. I mean, yes, he knew each time he successfully negotiated the curb, he successfully negotiated it. But if it was set up in a way in which you wouldn't see it in the way that the duty of care would suggest, the fact that you don't negotiate at one time doesn't mean it wasn't negligent to set the curb up that way just because other times he was able to get around it. That would be a negligent design claim, which was never brought up in this case. In a negligent design, it would be, we would be operating under a different set of facts. It's undisputed. In fact, we did address that in summary judgment with respect to, we didn't design the curb. We bought the hotel. I forget the date, but there's affidavits in the record that indicate the transactional nature of the hotel, who constructed it and how it was transferred to Omni. So we didn't design. But what is the claim negligent if it's not a negligent design claim? Yes, exactly. It is essentially a negligent design masquerading as a premises liability case. And so that's part of the issue. But what it is, what their claim is, is that we negligently maintain the curb and that's it. And that it was because of our maintenance of the curb, it somehow posed a dangerous condition, which is to say that it was inherently dangerous curb. And we have case law citing for that proposition that curbs are not inherently dangerous condition. You have to demonstrate that there was actually something defective or something about it that made it dangerous. Councilor, I want to ask you about the district court's reading of the contractual indemnification language in front of me. So it starts out, ultimate shall indemnify and hold harmless Omni from and against any and all and then you get to the proviso provided that no such claim arises from any set of negligence or intentional acts. I understand the district court to be saying, okay, very broad statement about the obligation to indemnify for claims unless the claim arises from any act of negligence or intentional acts. The district court reads that to say, focusing on the word claim, that the claim arises from any act of negligence. The claim arises from any act of negligence. Are you saying that it would have to say that no such claim arises from any alleged act of negligence? That language should be read to require an actual finding of negligence. Is that your argument? Correct. For two reasons. One, it would either have to say for any arising from any claim of negligence or any arising from any alleged negligence. And that language is not in there. And the reason that is, is because if that were not the case, think about it, the exception would swallow the rule. There would be no instance where Omni gets sued where there is not an allegation of negligence or intentional act. That's how Omni got sued to begin with. So in other words, they're saying that there's no circumstance in which they would ever be entitled to indemnify Omni because in order for the claim to be brought against Omni to begin with, there would have to be an allegation of negligence or that an intentional wrong. Just before we finish, I don't want to go over too much, but just on this point, just textually, that word claim, when it does appear in the proviso, at least possibly gives rise to the argument, to the conclusion the district court gave. But that claim appears prior to the proviso also. So I guess the relevant textual thing to do would be to trace how the word claim was used prior to the proviso. It must be meaning the same thing. Second, so prior to the proviso, it's indemnification. How does it read prior to the proviso? I don't have it handy. Yeah, the trigger is ultimately shall indemnify and hold harmless Omni from and against any and all liability, claims, liens, losses, expenses, and judgment of every kind whatsoever by whom ever so asserted on account of claims or demands of every character occurring or in any way incident to or arising from or in connection with. And I guess in that first usage of claim, doesn't that have to be read to be a mere allegation? Yeah. So then why would we think that the second use of claim is not just that? And then all it's saying is the claim alleging something has to be a claim linked to negligence as opposed to some other type of thing like gross recklessness or intentional tort or something like that. Right. But it also includes intentional torts and wrongful acts. So under that reading, it would eviscerate the indemnification provision completely minimalized. There would be no circumstance in which Omni would be entitled to indemnification. But the reason also is the word claim comes before the arises from. So it would be such claim arise. So in the exception, it would be such claims arises from any set of claims of negligence or alleged negligence. Right. Because. Yeah. Is there any. I think your opponent suggests that there's some rule of contract interpretation or construction that applies. If there is some ambiguity in the indemnification provision, there may be some rule of construction that would work against your client as the party claiming indemnification. It is there seems a lot. I mean, these are two sophisticated parties engaging at arm's length. But there's a suggestion that with respect to an indemnification clause, there is such a rule of construction. Is that correct? Is there any such rule that you have to contend with? Yes. The rule would be that. Well, for insurance policies, the rule for indemnification is that it's construed to find that the insurer would be indemnifying the insured. In other contexts, I understand that there's a rule against the indemniture with respect to finding that indemnification applies in contract construction. Contract construction, if there is an ambiguity and there is no ambiguity because it just doesn't say what the court wants it to say, what the district court wanted it to say. It doesn't say alleged negligence. It doesn't say claims of negligence. Judge Barron just suggested a reading that seems to introduce some ambiguity. No, and I'm saying that wasn't ambiguous because the language does not suggest. All I'm saying is the first use of the word claim has to be referring to merely an allegation, correct? You don't dispute that. But the triggering event that triggers their indemnification includes claims among other things. It's so broad that it's in connection with any act of ultimate. Okay, so the triggering event includes allegations. The exception can't include the same thing as the triggering event. Otherwise, the whole thing is meaningless. Okay, I got you. Okay, thank you. Thank you. One last question, and I'm sorry about that. Judge McConnell, he relied on a Rhode Island power and also Walsh. Are you disagreeing that that's the right interpretation of Rhode Island law? No, completely wrong interpretation of Rhode Island law. It was completely arbitrary distinction. What those cases did was say, how he distinguished it was the contract here says arising from, and in Walsh and in Manning, the exception says caused by. And from that, he determined that well, arising from includes alleged and caused by doesn't include alleged with no explanation as to why arising from versus caused by would allow for that interpretation. And it is inconsistent with Rhode Island law. And if I may just briefly cite the two cases in which the term arising from was used coincidingly with caused by, there was one case in Kingham. Are these in your brief, Mr. McKay? Yeah, these are in our brief. Okay, all right. Thank you. Thank you. Thank you, Mr. McKay. Please mute your audio and video at this time. Attorney Kelly, please unmute your audio and video and introduce yourself on the record to begin. Good afternoon, your honors. Nancy Kelly on behalf of Appelli Ultimate Parking, LLC. The district court's grant of ultimate motion for summary judgment on Omni's cross-claim was proper and should stand. Here, Ultimate paid the entire amount to settle Mr. Caruso's case below and all of those claims for both Omni and Ultimate obtaining a full release. Omni brings this appeal now to collect its legal fees. The district court correctly found that there was no dispute that Mr. Caruso's operative company alleged negligence against Omni, which foreclosed its contractual indemnification claim. The district court also correctly found that there was no dispute that Ultimate obtained a full release of plaintiff's claims on behalf of both Omni and Ultimate, which forecloses Omni's claim for common law indemnity. As to the contractual indemnification claim, the district court rightfully found that it need not determine Omni's actual negligence to determine whether the exclusionary provision of paragraph 17a of the concession... That conclusion turns on the arising under cause by distinction? Yes. So, what supports that distinction between those two terms? It's not immediately obvious to me that I take it the district court was not does not make the argument that the reason we know uh arising under means just a mere claim of negligence is because prior to the proviso the word claim is used because if that were true then even cause by language would also be triggered by just a the proviso would apply even in that instance which the district court not seem to be of the view no the district court okay so what's it so every everything turns then on this caused by arising yes and the yes and the indemnification provision here uses the term the exclusionary clause of the indemnification provision uses the term arises from yeah but what provides that no such claim arises from and but i take it that means that if if i'm following the district court's logic if it had said caused by it would have come out the other way the court found that the authorities cited by omni uh cited two cases which cited indemnification language that was different from what was used here the court focused on the language that was used between at least in the logic that suggests to me at least he was assuming that as written in the proviso when it says a claim arising from the word claim itself does not imply a mere allegation it's the word arising from that does so that while the court didn't address that specifically the court was specifically responding to the citations that omni made and the only if the only logic for distinguishing the caused by language is that notion that the word claim itself doesn't do the trick if it did there'd be no reason to distinguish between arising from and caused by would have nothing to do with it come out the same way no matter what that language was right well it wasn't addressed i would say that um you haven't made an argument to us either that if this had said caused by you would win we we uh focused on the arguments you have not argued to us that if this said caused by you would win correct we we have not right and and so everything turns on the idea that somehow the use of arising under implies alleged whereas caused by does not i i that that's our position but i don't think that it's only those words that matter to that determination because we have to give effect to the entire clause including the later uh uh indemnification if indemnification is proper language ultimate upon reasonable notice shall resist or defend and in this clause that um defense obligation is tied to the indemnity language and i think it has to be read as a whole so i think that's important to consider as well in the cases that have involved caused by language was there similar language about the duty to defend no the no and and in the walsh case it was very different the the defense obligation was separate the language was not uh linked to the indemnity obligation as it is uh in your position is that there's no way to give effect language absent that reading the district court gave correct is there any other case that you know of i'm sorry was there any case that is out there that uses caused by language and links it to a duty to defend clause there was no there was no that we could find in our research that had language exactly like this which which used in the exclusionary language arises from and then tied no i was asking you different things oh sorry there was language not like this that was caused by language but is is like this and that's linked to the duty to defend no i didn't find language to that effect that was discussed by a rhode island case counsel my my question which i pose a similar question to opposing counsel he disagrees with the district court you would agree your position is that the walsh case and and the manning case that judge mcconnell cited below he interpreted correctly yes i would the district court correctly found that the language in the indemnification agreement in walsh was very different to that here the word the words caused by were used twice both in the triggering clause and in the exclusionary clause and in the exclusionary clause it was an additional uh requirement that the damage not caused by the sole negligence of the party indemnified here under so there were multiple situations where a judicial determination would be required and and the district court did distinguish that language from the language that we have here uh and in terms of manning manning discussed uh the triggering obligation uh and acts uh and omissions as being a triggering obligation uh to that extent we would say that that language is is support for our position uh in the use of the board's acts and omissions oh please go ahead go ahead just very quickly the uh since you've acknowledged now that the critical phrase critical words to focus on are not claim uh and frankly i thought that focus helped you uh do you now acknowledge in response to judge baron's questions that the critical language is arises from um it goes up goes on arises from any any set of negligence or intentional acts it seems to me that that concession gives considerable force to appellants arguments that this language contemplates some fact finding somewhere what we're dealing with were negligent acts i mean the the uh a claim does not establish that the exit issue were negligent uh you know it would you know it would it would seem um again to lend force to his argument that um the uh obligation uh to indemnify requires uh that kind of determination and there isn't there is none obviously there is none here and uh i find it hard to see how you get how you now get given that concession how you now get around uh what a what appellants argument i wouldn't say i necessarily concede the the um point about the word claim because i think it has to be read with claim arises from uh but to answer your question there are a couple of responses to that there are uh three terms used negligence intentional acts or or misconduct but i i uh would not uh i i think it's uh patent here that mr caruso alleged uh negligence intentional acts and misconduct on the part of omni i don't think that's in dispute uh and i would say that also that uh it's important to give effect to that later defense obligation provision and if i understand that defense can i understand that defense obligation provision is that an obligation to pay costs of the defense or is that an obligation to defend shall at ultimate expense resist or defend such action or proceeding and employ counsel therefore and it continues so i guess your point is there's just no way that can be done after the liability determination is made correct so this yes and it just has to be referring to a claim a claim of alleged negligence otherwise that and that is only triggered in connection with a claim arising from it says in the event indemnification is proper so i think our position is that both the triggering clause and the exclusionary clause should be read broadly uh and whether either one is triggered in the event indemnification is probably strangely written phrase because it seems to say that it's that if there's indemnification but of course you wouldn't know if there's indemnification for the loss until you had the case that's right that's exactly right but but if that's right then it's sort of strange to say that the duty to hire counsel to defend against it is triggered if there's indemnification how would you know if there's a correct i don't really see how to read the two together very easily well omni's position is that a the most harmonious reading of the language we find ourselves with is is uh to give broad uh interpretation of both the triggering and the exclusionary clause uh to give meaning to that if indemnification is proper language which is tied to the indemnity language that comes before it four minutes remaining could you just address the question judge lopez asked um about if we thought that the text was ambiguous i understood opposing counsel to say that in the context of insurance obviously we construe it in favor of the insured but this but this isn't really an insurance context it's a contractual agreement for indemnification so he i guess i thought he was suggesting that actually the ambiguities construed the other way here so how how is there a case law in rhode island on what we do in the case that this is ambiguous uh well yes and i we cite the sans own case uh and other cases where uh which stand for the proposition that a party that an indemnification agreement is to be strictly construed against the party seeking indemnity so in our case that means we have to uh uh look at the language we have here and we discuss this point in connection with omni's contention that arises from equals caused by uh and if you're strictly construing a contract uh it's not appropriate to sub in one term for another or to uh uh uh uh and make inferences from from the language that you have directly on the page that the parties agreed to i would also i would also what about the issue of um i guess i did raise this opposing i mean if uh uh if you have the parties have explicitly addressed the issue of indemnification in their contract uh is there any room for the application of equitable indemnification i gather you would say no is that right yeah i would say no we didn't cite any case law in our brief but i the the parties did you did you even make that argument we did not raise that argument in our brief your honor i think so okay well that's not a very strong argument that you think we would we would say though that in any event in any event that the for common law indemnity cannot lie for the reasons the district court said uh omni cannot meet the three requirements that are required in rhode island uh the the great weight in the framework of analysis that rhode island courts have set forth regarding what elements have to be shown to make that claim and because neither party here is liable to a third party those prongs cannot be met uh and with regard to any analysis of active and passive negligence that's skipping to the third prom prong uh who uh who's who should discharge that obligation uh you can't just skip past the first two prongs and get to the third prong who's who ought to discharge the obligation uh and the district court was correct in finding that that the prongs required to be met in rhode island have not been met here so in any event that claim can't can't be met by by omni thank you i'm not sure if there's any time remaining there's 30 seconds ah thank you uh just briefly we would say also that um with regard to the claim uh that omni raises on appeal regarding their uh district court's ruling on their motion uh for summary judgment as to we would say that's irrelevant to the analysis of what issue is before the court today did you just briefly just address that speed bump case and why that's not a problem for you well i i would say uh ultimate took no position on uh omni's motion for summary judgment below to the extent it had any standing it didn't take a position on it it's our position that that claim is dismissed yeah yeah but we have to read but if you that's that but but if we disagree with you on that threshold issue about the arising under we do have to reach the summary judgment issue don't we well it's it's our view that it just isn't relevant to the analysis here that under no circumstance uh should omni's actual negligence be relevant to if it if it is under the contract we then don't have the option but to address that issue do we just remand well we would argue against that we uh we think that the language is clear that i know that i'm saying but sometimes people lose in appeals and then there's other issues that arise when that happens as a court we have to address that other issue and your opponent is saying that on that other issue they win are you just silent on that question we are silent on that question okay thanks thank you so you're not so then they just win on that issue i guess we wouldn't say they win uh just don't have an argument again we we we we took no position on their motion and we take no position on that here okay thank you thank you attorney kelly please mute your audio and video at this time attorney mackie you have a one minute rebuttal please reintroduce yourself to mr mack i just want to make sure you you address you don't have to start with this and i know you only have a minute but i if you take an extra time i want you to make sure you address that defense clause that is in the contract that your opponent uh identified as a potential problem for your position i'm sorry the defense clause the clause that talks about the um duty to defend okay yeah i will address that and what you just heard her say is that if you find that the contractual indemnification does apply or that the exception does not apply uh then on summary judgment from the court below we do win that just means that they actually have the duty to defend and indemnify us for our attorney's fees uh because it would be as a matter of law omni was not negligent with respect to the duty to indemnify uh it does make a contingent upon uh indemnification uh but the duty to indemnify uh uh the way it arises uh is that if if there is clearly a claim in which the uh uh uh in which the claim uh is caused by the negligence of ultimate they would then uh be responsible for paying our attorney's fees and defending us and that's exactly what aig how can they defend you on your position that clause is triggered after there's been a liability termination but that clause seems to imply that they're supposed to defend you with respect to the liability determination so how can both things be true yeah so the the um the statute of limitations on indemnification claim actually arises after there's been a judgment so it could have been that we just waited to file a third party or not file a third party complaint but yeah we could have waited until there was a judgment liability was determined and then filed a complaint seeking indemnification because the claim actually arises just the rules of procedure allow you to assert the claim in a third party action before the before the claim actually arises so that that addresses that and so there are situations where you're you're right your honor that becomes well we don't even know if you're entitled to it there would have to be a judgment rendered first and uh because the claim doesn't arise until there is a judgment that could happen after there is a judgment so uh that addresses that just let me just make sure i fully understand how it addresses it are you suggesting there are circumstances in which that last clause just textually would apply and seemingly trigger a defense obligation notwithstanding your reading of the arising under clause to be that it can't be triggered yes they could the allegations could be clearly clearly that um ultimate was actively negligent and omni was constructively negligent as a result and therefore uh uh the uh if to the extent that um or ultimate doesn't dispute that they would it would trigger their obligation to indemnify us and actually that's aig is um ultimate's insurer they actually agreed to indemnify or to defend us in this case once ultimate's uh self-insured retention of twenty five thousand dollars had been reached and what uh ultimate did was sit back and let us defend the case for over two years and incurred the attorney's fees without ever uh reaching that twenty five thousand dollar limit which and then settled the case at the 11th hour so it didn't have to pay the attorney's fees and that is why attorney's fees are recoverable both under the contractual indemnification claim and i'm i'm sorry i didn't get to talk about the equitable indemnification claim but irrespective of that the the um uh the no liability being determined what the courts have said and specifically what the u.s bankruptcy cut for the district of rhode island has said is that attorney's fees are recoverable under um an equitable indemnification claim even when the parties uh the indemnitor settles the claim or the uh indemnity is exonerated from liability because that comports with the policy behind equitable indemnification otherwise a negligent defendant would be in a better position than an exonerated defendant and that cannot be the case and so that u.s uh district court bankruptcy court cited to a florida case that was directly on point on that very question thank you thank you judge that concludes arguments for today this session of the honorable united states court of appeals has now recessed until the next session of the court god save the united states of america and this honorable court council you may disconnect from the meeting